**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| HYEJIN MITCHELL | * |
| 8696 Wheatfield Way | |
| Ellicott City, MD 21043, | * |
| | |
| Plaintiff, | * |
| | |
| v. | *    Civil Case No. _____ |
| | |
| SHEPPARD PRATT HEALTH SYSTEM, INC. | * |
| 6501 N. Charles Street | |
| Baltimore, Maryland 21204, | * |
| | |
| *Serve on*: | * |
| Kelly Savoca, Resident Agent | |
| 6501 N. Charles Street | * |
| Baltimore, Maryland 21204 | |
| | * |
| Defendant. | |
| | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT**

COMES NOW, Hyejin Mitchell, Plaintiff (hereinafter referred to as "Plaintiff" or "Mrs. Mitchell"), by and through her attorneys, James L. Ellison II, Esquire, and the law offices of Ellison Sadri, LLC, hereby sues Sheppard Pratt Health System, Inc., (hereinafter referred to as "Defendant Sheppard Pratt"), and states as follows:

**JURISDICTION AND VENUE**

1. This action arises from illegal employment discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (hereinafter referred to as "Title VII"), and the Americans with Disabilities Act (hereinafter referred to as "ADA") claim, pursuant to 42 U.S.C. § 12101, *et seq.*,

2. This Court has jurisdiction pursuant to Title VII, 42 U.S.C. § 2000e-5, *et seq.*

1

3. This Court has jurisdiction over Plaintiff's Americans with Disabilities Act (hereinafter referred to as "ADA") claim, pursuant to 42 U.S.C. § 12101, *et seq*.

4. That at all times relevant hereto, Defendant Sheppard Pratt is a corporate business entity formed in the State of Maryland, employing 15 or more persons and is an "employer" within the meaning of Title VII, as amended, 42 U.S.C. §§ 2000e, *et seq*., and the ADA, 42 U.S.C §§ 12101, *et seq*.

5. On August 4, 2016, Plaintiff began her employment at Defendant Sheppard Pratt's facilities, including, but not limited to, in Baltimore, Maryland, continuing through her constructive discharge in August of 2022.

6. Defendant Sheppard Pratt's principal office is located at 6501 N. Charles Street, Baltimore, Maryland 21204.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. In accordance with Federal, State, and Local laws, Plaintiff timely filed a Charge of Discrimination based on race, national origin, and disability discrimination and retaliation on or about October 14, 2022, with the Maryland Commission of Civil Rights and the United States Equal Employment Opportunity Commission ("EEOC").

8. On or about February 24, 2024, Plaintiff received a Notice of Right to Sue issued by the EEOC on or about February 22, 2024, as to Defendant Sheppard Pratt.

9. Therefore, Plaintiff has properly exhausted her administrative remedies before filing suit and suit filed herein is therefore timely.

**FACTS COMMON TO ALL COUNTS**

10. Plaintiff's race is Asian.

11. Plaintiff's national origin is Korea.

12. Plaintiff began working for the Defendant Sheppard Pratt on or about August 4, 2016, originally under the direct supervision of Ken Walters, and held the most recent position of Pharmacist.

13. At all times relevant hereto, Plaintiff met and exceeded the legitimate performance expectations of her employment with Defendant Sheppard Pratt.

14. As a Pharmacist, Plaintiff's duties included reviewing, filling and administering pharmaceuticals to patients of Defendant Sheppard Pratt.

15. At all times relevant hereto, starting in 2019, Plaintiff was supervised by Jeff McCagh (Caucasian, born in United States), who at all times mentioned herein was an employee of Defendant Sheppard Pratt and was acting within the course and scope of his employment.

16. After becoming Plaintiff's direct supervisor, Jeff McCagh oversaw and evaluated Plaintiff's work performance, training, testing, daily assignments, deadlines, and ultimately, determined if and when Plaintiff could take leave.

17. Almost immediately Mr. McCagh showed and directly expressed that he favored the white, United States national origin, female staff pharmacists without any known disabilities, Ms. Jerilyn Jacob and Ms. Denise Migliaccio (collectively referred to herein as "comparators"), both of whom worked with Mrs. Mitchell.

18. Mr. McCagh would routinely and unilaterally assign more tasks to Mrs. Mitchell, especially projects that these comparators did not wish to perform or previously performed unsatisfactorily.

19. In addition, Mr. McCagh would assign Mrs. Mitchell belittling menial tasks (well below her level of education, training, and position as a Pharmacist) that the comparators did not want to perform, including, but not limited to, supervising the cleaning out a former employee's office and acting a delivery driver to take a fellow employee and items from one facility to another instead of using the institution's transport system.

20. Furthermore, Mr. McCagh would routinely blame Mrs. Mitchell for uncompleted projects and errors by these other staff members, particularly the aforementioned comparators.

21. Mr. McCagh would become aggressive and scold Plaintiff if she pointed out any errors on the part of the comparators.

22. For assignments that would be given to a group of employees, such as Plaintiff and the comparators to work on together, Mr. McCagh would only come to Plaintiff and reprimand her for the project's lack of progress, despite it being the comparator's lack of work on their portion of the project being the issue.

23. Mr. McCagh would constantly verbally snap, accost Mrs. Mitchell, in front of the other staff members and threatened her with termination.

24. Other minorities were treated with similar hostility by Mr. McCagh and the comparators, including, but not limited to, Ms. Lily Lin (Asian, Taiwan National Origin, Mr. Victor Ugwuliri (Black, Nigeria National Origin), Joshana Goga (a

Nepalese female), and Jeanetta Robinson (black American); however, the aforementioned non-Asian, USA born comparators were not subjected to such vile and derogatory actions.

25. As an example of routine disparate treatment that occurred through 2019 to the end of Plaintiff's employment, if Mrs. Mitchell wanted to change her shift schedule, Mr. McCagh would require her to check with the aforementioned comparators first (even if Mrs. Mitchell already confirmed coverage with another employee) to make sure the comparators did not want to take off that day as well.

26. The comparators were not required to clear their requested change in their schedule with a colleague to ensure the colleague did not want to take the same day off; furthermore, the comparators were not accosted or publicly chastised in the same manner by Mr. McCagh as the minority (Asian) employees, including, Plaintiff.

27. In opposition to witnessed racial harassment by the comparators, Mrs. Mitchell witnessed the comparators verbally bullying a co-worker, Mr. Victor Ugwuliri (black, Nigerian national origin) by berating him about still working and "going to school when he is so old."

28. When Mrs. Mitchell brought this offensive conduct to Mr. McCagh's attention, the comparators' supervisor, he dismissed her opposition to such harassing conduct and stated "We did that to Lily, too." (Lilly Lin being another Asian, Taiwanese origin).

29. Ultimately, as management failed to address this harassment, Mr. Victor Ugwuliri put in for a transfer to remove him from the discriminatory bullying.

30. When Mrs. Mitchell (and other minorities) confronted Mr. McCagh about his offensive behavior and abuse towards them, he would feign an apology to her and promise to do better; however, no change in his abusive actions ever occurred.

31. On or about February 21, 2022, Plaintiff made a complaint to the Human Resources Department of Defendant Sheppard Pratt regarding the harassing and offensive conduct of Mr. McCagh.

32. In response to Plaintiff's aforementioned complaints, no actions were taken by Defendant Sheppard Pratt to abate the actions of Mr. McCagh or the comparators.

33. The hostile work environment which festered for years under Mr. McCagh's management has caused Mrs. Mitchell (and other Asian minorities) to suffer severe emotional distress, which has contributed to her current impairment and necessary medical leave.

34. At the time of her employment with Defendant and continuing thereafter, Plaintiff suffered and continues to suffer from major depressive disorder and generalized anxiety disorder, which affected her ability to sleep, cognitive abilities, weight loss, and difficulty breathing when subjected to triggering events, resulting in panic attacks, particularly from the daily hostile conduct of Mr. McCagh and the comparators.

35. As such, Plaintiff's condition qualifies as a "disability" as that term is defined under the ADA.

36. On or about April 19, 2022, Plaintiff advised Defendant Sheppard Pratt of her disabilities and requested the accommodation of remote work to remove herself from direct interaction with Mr. McCagh or the comparators.

37. Despite Plaintiff's aforementioned disabilities, she is and was able to perform all the essential functions of her position in her employment with Defendant Sheppard Pratt, to be assisted by the requested remote work.

38. Previously, Defendant Sheppard Pratt and Mr. McCagh had authorized remote work for Staff Pharmacists including, but not limited to, the comparators; thus, the accommodation for remote work was available, reasonable, and did not create an undue burden on the Defendant's operations.

39. Defendant Sheppard Pratt's Human Resources Department was open to granting the requested accommodation of temporary remote work for Plaintiff as long as Mr.. McCagh approved; however, on or about April 20, 2022, Mr. McCagh stepped in and directed that Plaintiff's requested accommodation of any remote work for Plaintiff be denied.

40. With her requests for accommodation denied and no reasonable accommodation offered, Plaintiff was forced to remain out of work and on short term disability.

41. Despite the complaints by Plaintiff and the other minority employees, Defendant Sheppard Pratt management provided no assistance and its human resources department was not willing to offer any resolution or mitigate the hostile working environment.

42. The working conditions created by the comparators, and furthered by Mr. McCagh, were so intolerable no reasonable person would feel they had a choice- in continuing to be employed therein.

43. As Defendant Sheppard Pratt refused to abate the harassing and offensive conduct of Mr. McCagh and the comparators towards Plaintiff and other minorities, rather than

return to such a hostile environment, Plaintiff was forced to resign from her position with Defendant Sheppard Pratt effective September 5, 2022.

44.   Plaintiff was thereby treated differently from similarly situated employees because of her race, national origin, and/or disability.

45.   At all times mentioned herein, Plaintiff was meeting or exceeding her employers' legitimate job expectations.

### COUNT I
### Disability Discrimination
### (Depression and Anxiety Disorders)
### Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101, et seq. (2000)

46.   Plaintiff hereby restates and incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.   The Plaintiff has a "disability" as that term is defined in the ADA as she suffers from major depression disorder and generalized anxiety disorder during her employment with Defendant.

48.   That Defendants became aware of Plaintiff's disability after Plaintiff went our on leave in February of 2022 as well as when Plaintiff presented a doctor's note stating her disabilities and requested accommodations related thereto in or about April of 2022.

49.   That similarly situated employees without a disability were not subjected to the same discriminatory treatment, including, but not limited to, denial of remote work.

50.   The aforementioned actions were taken against Plaintiff because of her disability.

51.   That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

52.    As a direct and proximate result of the Defendants' discriminatory actions, Plaintiff has suffered lost wages, emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT II**
**Disability Discrimination**
**(Failure to Accommodate)**
**Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101, et seq. (2000)**

53.    Plaintiff hereby restates and incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

54.    At all times mentioned herein, Plaintiff suffered from a "disability" as that term is defined in the ADA, as she suffers from major depression disorder and generalized anxiety disorder during her employment with Defendant.

55.    Defendants were made aware of the disability when Plaintiff brought in a doctor's note stating Plaintiff's condition and the recommended accommodation of remote work to remove her from the hostile work environment created by Mr. McCagh.

56.    Although the accommodation of a remote work was previously granted to employees, Mr. McCagh intentionally blocked Plaintiff's request.

57.    Plaintiff is a qualified individual with a disability who is able to perform the essential job functions of the position of Staff Pharmacist.

58.    Defendants discriminated against Plaintiff by refusing to fulfill her reasonable accommodation request, as required by the ADA, as requested to allow her to perform essential job functions of the position.

59.     That the discriminatory actions of Defendants as set forth above, has caused and will continue to cause Plaintiff to suffer emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT III**
**Race and National Origin Discrimination**
**Title VII of the Civil Rights Act of 1964 (Title VII)**
**42 U.S.C. § 2000e et seq.**

60.     Plaintiff hereby restates and incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

61.     The Plaintiff is an Asian born in Korea.

62.     That Defendants were aware of Plaintiff's race at the start of her employment and at the time Defendant subjected Plaintiff to the adverse actions stated above, including, but not limited to, constructive discharge of her employment.

63.     That similarly situated Caucasian, USA born employees were not subjected to the same discriminatory treatment, including, but not limited to, constructive discharge of her employment.

64.     Plaintiff was satisfactorily performing her duties to the legitimate expectations of her employer and supervisors.

65.     The aforementioned actions were taken against Plaintiff because of her race (Asian).

66.     That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

67.     As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages, emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT IV**
**Retaliation**
**(Adverse Actions, Protected Activity Deterrents and Termination)**
**Title VII of the Civil Rights Act of 1964 (Title VII)**
**42 U.S.C. § 2000e et seq.**

68. Plaintiff hereby restates and incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

69. Plaintiff complained to Mr. McCagh that he was harassing and discriminating against her because of her race and national origin (Asian born outside the USA) and complained to Defendant Sheppard Pratt management about the harassing and discriminatory practices of the comparators and Mr. McCagh against herself and others based on race and national origin (Asian, born outside the USA); such complaints constituted "legally protected activities" under Title VII.

70. The subsequent hostile work environment, blocking of her requested remote work, and eventual constructive discharge of her employment, as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

71. That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

72. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her protected EEO activities.

73. That the unlawful employment practices complained above were intentional.

74. That the retaliatory employment practices, as set forth above, have caused and will continue to cause Plaintiff to suffer severe emotional distress, humiliation, and mental anguish.

75. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

76. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT V**
**Retaliation**
**(Adverse Actions, Protected Activity Deterrents and Termination)**
**Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101, et seq. (2000)**

77. Plaintiff hereby restates and incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

78. Plaintiff stated to Mr. McCagh that he was discriminating against her because of her race and disabilities and requested accommodations; such complaints constituted "legally protected activities" under the ADA, 42 U.S.C. § 12203.

79. The subsequent denial of her accommodation for remote work which resulted in her eventual constructive discharge of her employment, as set forth in the above-referenced facts common to all counts amounted to illegal retaliation against Plaintiff for opposed the hostile work environment stated above based on Plaintiff's and other's race and/or national origin.

80.   That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to the ADA, 42 U.S.C. § 12203.

81.   That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her protected EEO activities.

82.   That the unlawful employment practices complained above were intentional.

83.   That the retaliatory employment practices, as set forth above, have caused and will continue to cause Plaintiff to suffer severe emotional distress, humiliation, and mental anguish.

84.   That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

85.   As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered emotional distress, humiliation, mental anguish, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT VI**
**HOSTILE WORK ENVIRONMENT**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e et seq**

86.   Plaintiff hereby restates and incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

87.   That the conduct of Mr. McCagh and the comparators constituted unwelcome actions, comments, and behavior that was hostile toward Plaintiff and others due to the racial nature of the conduct being directed towards minorities, particularly of Asian descent.

13

88. The aforementioned actions, comments, and behaviors were subjectively offensive to the Plaintiff, which prompted her complaints to management in an effort to alleviate the hostility.

89. That the effects of the practices complained of above were objectively offensive such that a reasonable person would find that the practices deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her gender (female).

90. That the unlawful employment practices complained of above were intentional, unwelcome, and personally hostile and offensive to Plaintiff.

91. That the aforementioned conduct of Defendant Sheppard Pratt employees was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and to create an intimidating, hostile and offensive working environment for Plaintiff.

92. That the discriminatory and retaliatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish.

93. That the intentional discriminatory and retaliatory actions of Defendants against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

94. Defendant Sheppard Pratt knew or should have known of the aforementioned conduct of its management against Plaintiff and failed to take prompt corrective action.

95. That Defendant Sheppard Pratt is vicariously liable for the conduct of its employees carried out in the course and scope of their employment.

**PRAYER FOR DAMAGES**

WHEREFORE, for the foregoing reasons, Hyejin Mitchell, Plaintiff, demands judgment

against Defendant Sheppard Pratt Health System, Inc., as follows:

a.  $250,000.00 in compensatory damages;

b.  $300,000.00 for her emotional distress and mental anguish;

c.  plus prejudgment and post judgment interest;

d.  award attorney's fees and costs, including expert witness fees, as allowed by law; and

e.  for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,


_____/s/_____
James L. Ellison, II, Esq. (Federal Bar No. 18318)
Ellison Sadri, LLC
2086 Generals Hwy., Suite 201
Annapolis, Maryland 21401
Telephone: (410) 974-6000
Facsimile: (410) 224-4590
Email: jellison@eslawgroup.com

*Attorney for Plaintiff, Hyejin Mitchell*

15

## DEMAND FOR TRIAL BY JURY

Plaintiff, Hyejin Mitchell, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,


_____/s/_____
James L. Ellison, II, Esq. (Federal Bar No. 18318)
Ellison Sadri, LLC
2086 Generals Hwy., Suite 201
Annapolis, Maryland 21401
Telephone: (410) 974-6000
Facsimile: (410) 224-4590
Email: jellison@eslawgroup.com

*Attorney for Plaintiff, Hyejin Mitchell*

16